# EXHIBIT A

Office of the Secretary of State
Building . Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305





**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
**Phone:** 304-558-6000
866-767-8683
**Visit us online:**
www.wvsos.com

Cathy Gatson
Kanawha County Courthouse
111 Court Street
Charleston, WV 25301-2500

**Control Number:** 48265

**Defendant:** HEALTH CARE AND RETIREMENT
CORPORATION OF AMERICA, LLC
5400D BIG TYLER RD
CHARLESTON, WV 25313-1103 US

**Agent:** C. T. Corporation System

**County:** Kanawha

**Civil Action:** 14-C-1664

**Certified Number:** 9214890112513410000520099

**Service Date:** 1/7/2015

I am enclosing:

**1 interrogatories, 1 request for production, 1 summons and amended complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Natalie E Tennant*

Natalie E. Tennant
Secretary of State

 SCANNED

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

BILLIE FIELDS, as Personal Representative
of the Estate of VICTORIA FIELDS,

Plaintiff,

v.

Civil Action No.: 14-C-1664
Judge: Carrie L. Webster

HEALTH CARE AND RETIREMENT
CORPORATION OF AMERICA, LLC
d/b/a HEARTLAND OF CHARLESTON;
MANOR CARE, INC., f/k/a
HCR MANOR CARE, an Ohio Corporation;
HEALTH CARE AND RETIREMENT
CORPORATION OF AMERICA, an Ohio
Corporation; and DANNY DAVIS, Administrator,

Defendants.

## SUMMONS

TO: Health Care & Retirement
Corporation of America, LLC
CT Corporation System
5400 D Big Tyler Road
Charleston, WV 25313

IN THE NAME OF THE STATE OF WEST VIRGINIA,

You are hereby summoned and required to serve upon, Plaintiff's attorney, whose address is Harry F. Bell, Jr., Andrew L. Paternostro, Sprague W. Hazard, Jeff D. Stewart and The Bell Law Firm, PLLC, Post Office Box 1723, Charleston, West Virginia 25326-1723, an Answer, including any related Counterclaim you may have, to the Amended Complaint filed against y~                                                                    ~ you.

Y~                                                                              ~ days
after ser~                                                                   do so,
judgment                                                                     ended
Complain                                                                     ~m you
have whi~

Dated: |



Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305





**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
Phone: 304-558-6000
866-767-8683
Visit us online:
www.wvsos.com

Cathy Gatson
Kanawha County Courthouse
111 Court Street
Charleston, WV 25301-2500

**Control Number:** 48264

**Defendant:** HEALTH CARE AND RETIREMENT
CORPORATION OF AMERICA, LLC
5400D BIG TYLER RD
CHARLESTON, WV 25313-1103 US

**Agent:** C. T. Corporation System

**County:** Kanawha

**Civil Action:** 14-C-1664

**Certified Number:** 92148901125134100000520082

**Service Date:** 1/7/2015

I am enclosing:

**1 interrogatories, 1 request for production, 1 summons and amended complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office.***

Sincerely,

*Natalie E Tennant*

Natalie E. Tennant
Secretary of State


SCANNED

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

BILLIE FIELDS, as Personal Representative
of the Estate of VICTORIA FIELDS,



Plaintiff,

v.

Civil Action No.: 14-C-1664
Judge: Carrie L. Webster

HEALTH CARE AND RETIREMENT
CORPORATION OF AMERICA, LLC
d/b/a HEARTLAND OF CHARLESTON;
MANOR CARE, INC., f/k/a
HCR MANOR CARE, an Ohio Corporation;
HEALTH CARE AND RETIREMENT
CORPORATION OF AMERICA, an Ohio
Corporation; and DANNY DAVIS, Administrator,

Defendants.

## SUMMONS

TO:     Health Care & Retirement
        Corporation of America, LLC
        d/b/a Heartland of Charleston
        CT Corporation System
        5400 D Big Tyler Road
        Charleston, WV 25313

IN THE NAME OF THE STATE OF WEST VIRGINIA,

You are hereby summoned and required to serve upon, Plaintiff's attorney, whose address is Harry F. Bell, Jr., Andrew L. Paternostro, Sprague W. Hazard, Jeff D. Stewart and The Bell Law Firm, PLLC, Post Office Box 1723, Charleston, West Virginia 25326-1723, an Answer, including any related Counterclaim you may have, to the Amended Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

You are required to serve your Answer to the Amended Complaint within <u>30</u> days after service of this Summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Amended Complaint and you will be thereafter barred from asserting in another action any claim you have which must be asserted by counterclaim in the above-styled action. Cathy S. Gatson, Clerk

Dated: 1-6-15                    _____

                                Clerk of the Court
                                By J. Bradshaw

Cffice of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305





**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
**Phone:** 304-558-6000
866-767-8683
**Visit us online:**
www.wvsos.com

Cathy Gatson
Kanawha County Courthouse
111 Court Street
Charleston, WV 25301-2500

**Control Number:** 48263

**Defendant:** MANOR CARE, INC.
1300 E 9TH ST
CLEVELAND, OH 44114-1501 US

**Agent:** CT CORPORATION SYSTEM

**County:** Kanawha

**Civil Action:** 14-C-1664

**Certified Number:** 92148901125134100000520075

**Service Date:** 1/7/2015

I am enclosing:

**1 interrogatories, 1 request for production, 1 summons and amended complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your unauthorized foreign corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your unauthorized foreign corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Natalie E Tennant*

Natalie E. Tennant
Secretary of State

SCANNED

10-11

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

BILLIE FIELDS, as Personal Representative
of the Estate of VICTORIA FIELDS,

Plaintiff,

v.

Civil Action No.: 14-C-1664
Judge: Carrie L. Webster

HEALTH CARE AND RETIREMENT
CORPORATION OF AMERICA, LLC
d/b/a HEARTLAND OF CHARLESTON;
MANOR CARE, INC., f/k/a
HCR MANOR CARE, an Ohio Corporation;
HEALTH CARE AND RETIREMENT
CORPORATION OF AMERICA, an Ohio
Corporation; and DANNY DAVIS, Administrator,

Defendants.

## SUMMONS

TO:    Manor Care, Inc. f/k/a
Manorcare Health Services, Inc.
CT Corporation System
1300 E. 9th Street
Cleveland, OH 44114

IN THE NAME OF THE STATE OF WEST VIRGINIA,

You are hereby summoned and required to serve upon, Plaintiff's attorney, whose address is Harry F. Bell, Jr., Andrew L. Paternostro, Sprague W. Hazard, Jeff D. Stewart and The Bell Law Firm, PLLC, Post Office Box 1723, Charleston, West Virginia 25326-1723, an Answer, including any related Counterclaim you may have, to the Amended Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

You are required to serve your Answer to the Amended Complaint within 30 days after service of this Summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Amended Complaint and you will be thereafter barred from asserting in another action any claim you have which must be asserted by counterclaim in the above-styled action.

Cathy S. Gatson, Clerk

Dated: 1-6-15

_____
Clerk of the Court
By J Bradshaw

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

2015 JAN -6 PH 2: 01

BILLIE FIELDS, as Personal Representative
of the Estate of VICTORIA FIELDS,

    Plaintiff,

v.

                                Civil Action No.: 14-C-1664
                                Judge: Carrie L. Webster

HEALTH CARE AND RETIREMENT
CORPORATION OF AMERICA, LLC
d/b/a HEARTLAND OF CHARLESTON;
MANOR CARE, INC., f/k/a
HCR MANOR CARE, an Ohio Corporation;
HEALTH CARE AND RETIREMENT
CORPORATION OF AMERICA, an Ohio
Corporation; and DANNY DAVIS, Administrator,

    Defendants.

## AMENDED COMPLAINT

    Plaintiff, Billie Fields, as Personal Representative of the Estate of Victoria Fields, deceased, hereby sues Defendants Health Care and Retirement Corporation of America, LLC d/b/a Heartland of Charleston, Manor Care, Inc. f/k/a HCR Manorcare, Health Care and Retirement Corporation of America and Danny Davis states as follows:

## GENERAL ALLEGATIONS

    1.    Billie Fields ("Plaintiff") is a resident of Clay County, West Virginia and is the son of Victoria Fields.

    2.    Plaintiff has been appointed Personal Representative of the Estate of Victoria Fields, deceased.

    3.    This Court has jurisdiction in this matter and further, venue is proper in this Court as the acts and/or omissions that serve as the basis for this suit occurred in Kanawha County, West Virginia.



4. At all times material hereto, Defendant Health Care and Retirement Corporation of America, LLC d/b/a Heartland of Charleston ("Heartland" or "Heartland of Charleston") was a wholly owned subsidiary of Defendant Manor Care, Inc., f/k/a HCR Manor Care, Inc., ("Manor Care"), an Ohio Corporation, and was operated, managed and controlled by Defendant Manor Care. Based upon its actual ownership, operation, management and control of the skilled nursing facility, Manor Care was an owner and a de facto "licensee" of the nursing home.

5. At all times material hereto, Defendant Manor Care exercised extensive authority over the nursing home, which included, but was not limited to, control of marketing, human resources, management, training, staffing, policy and procedure creation and implementation, federal and state Medicare and Medicaid reimbursement, quality care assessments and compliance, licensure and certification procedures, legal services, financial, tax, and accounting control.

6. At all times material to this action, Defendant Manor Care exercised control of Heartland including creation and maintenance of overlapping, interlocking corporate officers and boards of directors, transfer and utilization of employees between subsidiary and parent corporations without regard to corporate form, and combined accounting processes and bookkeeping procedures including intra-corporate transfers of assets and liabilities.

7. At all times material to this action, Defendant Manor Care was the alter ego of Defendant Health Care and Retirement Corporation of America, LLC d/b/a Heartland of Charleston and Defendant Manor Care exercised such control of the operational and management functions of Heartland and the facility that these entities served as mere conduits through which Defendant Manor Care conducted its business.

8. Moreover, at all times material to this action, Defendant Manor Care represented to the public, including Victoria Fields and her family, that it and its subsidiaries,

including Health Care and Retirement Corporation of America, LLC d/b/a Heartland of Charleston and the nursing home were part of one single economic enterprise known as "Heartland."

9.    In the alternative, Plaintiffs allege that at all times material to this action, Heartland acted as the agent of Defendant Manor Care in that Defendant Manor Care ratified or authorized the acts and/or omissions of Heartland and the staff of the facility.

10.    In the alternative, Plaintiffs allege that to the extent Defendant Manor Care and Heartland are found to be separate corporate entities, each Defendant remains liable for the acts of the others, as the Defendants operated the facility as a joint enterprise and/or joint venture. Defendants entered into an express or implied agreement to operate this nursing home and other West Virginia nursing homes. Defendants shared a common interest and purpose in the operation of these facilities. Defendant Manor Care shared authority over the operation of this nursing home and other nursing homes set up in a similar fashion.

11.    In the alternative, Plaintiffs allege that at all times material to this action, Defendant Manor Care established and operated Heartland for an improper purpose; i.e., knowingly operating facilities, including this facility, in the state of West Virginia in a manner that includes, but is not limited to, operating the West Virginia facilities with insufficient staff and insufficient supplies to meet the residents' needs.

12.    At all times material hereto, Defendant Health Care and Retirement Corporation of America, LLC d/b/a Heartland of Charleston was a wholly owned subsidiary of Defendant Health Care and Retirement Corporation of America ("HCRCA"), an Ohio Corporation, and was operated, managed and controlled by Defendant Health Care and Retirement Corporation of America. Based upon its actual ownership, operation, management and control of the skilled

nursing facility, Health Care and Retirement Corporation of America was an owner and a de facto "licensee" of the nursing home.

13. At all times material hereto, Defendant HCRCA exercised extensive authority over the nursing home, which included, but was not limited to, control of marketing, human resources, management, training, staffing, policy and procedure creation and implementation, federal and state Medicare and Medicaid reimbursement, quality care assessments and compliance, licensure and certification procedures, legal services, financial, tax, and accounting control.

14. At all times material to this action, Defendant HCRCA exercised control of Heartland including creation and maintenance of overlapping, interlocking corporate officers and boards of directors, transfer and utilization of employees between subsidiary and parent corporations without regard to corporate form, and combined accounting processes and bookkeeping procedures including inter- and intra-corporate transfers of assets and liabilities.

15. At all times material to this action, Defendant HCRCA was the alter ego of Defendant Heartland and Defendant HCRCA exercised such control of the operational and management functions of Heartland and the facility that the entity served as a mere conduit through which Defendant HCRCA conducted its business.

16. Moreover, at all times material to this action, Defendant HCRCA represented to the public, including Victoria Fields and her family, that it and its subsidiaries, including Health Care and Retirement Corporation of America and the nursing home were part of one single economic enterprise known as "Heartland."

17. In the alternative, Plaintiffs allege that at all times material to this action, Heartland acted as the agent of Defendant HCRCA in that Defendant HCRCA ratified or authorized the acts and/or omissions of Heartland and the staff of the facility.

18.     In the alternative, Plaintiffs allege that to the extent Defendants HCRCA and Heartland are found to be separate corporate entities, each Defendant remains liable for the acts of the others, as the Defendants operated the facility as a joint enterprise and/or joint venture. Defendants entered into an express or implied agreement to operate this nursing home and other West Virginia nursing homes. Defendants shared a common interest and purpose in the operation of these facilities. Defendant HCRCA shared authority over the operation of this nursing home and other nursing homes set up in a similar fashion.

19.     In the alternative, Plaintiffs allege that at all times material to this action, Defendant HCRCA established and operated Heartland for an improper purpose; i.e., knowingly operating facilities, including this facility, in the state of West Virginia in a manner that includes, but is not limited to, operating the West Virginia facilities with insufficient staff and insufficient supplies to meet the residents' needs.

20.     Upon information and belief, at all times relevant in this action Danny Davis was and is the Administrator of Heartland.

21.     Upon information and belief, Defendant Danny Davis is a resident and citizen of the State of West Virginia.

22.     The causes of action against Defendant Danny Davis include, but are not limited to, negligent hiring, retention, training, and supervision of employees that cared for Victoria Fields during her residency, failure to implement appropriate policies and procedures to maintain the well-being and health of the residents, and intentionally and/or negligently understaffing the facility for financial gain which directly jeopardized the health and safety of the residents.

23.     At all times material hereto, Defendant, Health Care and Retirement Corporation of America, LLC d/b/a Heartland of Charleston was and is authorized and

licensed to operate a nursing home facility in Kanawha County, West Virginia known as Heartland of Charleston pursuant to W.Va. Code §16-5C-1 *et seq.* and 42 C.F.R. §483.75(a).

24.     At all times material hereto, Defendant Heartland was and is subject to the provisions of W.Va. Code §16-5C-1 *et seq.*, including all provisions relating to resident's rights established by the Secretary of the Department of Health and Human Resources by the authority of W.Va. Code §16-5C-5(b)(14).21.

25.     At all times material hereto, Defendants represented to residents, prospective residents, their families and legal representatives that its staff, representatives and agents would provide quality care to its residents, maintain the dignity and self respect of its residents, and otherwise provide the level of care and services required by law.

26.     Victoria Fields was a nursing home resident of Defendants' nursing facility, Heartland, from November 14, 2012 to November 23, 2012.

27.     During the period of time Victoria Fields was under the care of Heartland, the Defendants had a statutorily mandated duty to provide Victoria Fields with her nursing home resident's rights as set forth in W.Va. C.S.R. § 64-13-1 *et seq.*, including, but not limited to, the following:

> (a)     The right to participate in planning her overall care;
>
> (b)     The right to be free of abuse, neglect, mistreatment or restraint by physical or chemical means except as allowed by the rules;
>
> (c)     The right to be adequately informed of her medical condition and proposed treatment; and,
>
> (d)     The right for the facility to seek treatment and intervention for a change in condition;
>
> (e)     The right to notify the physician of a change in condition; and,

(f)    The right to be provided with care in a manner and in such an environment so as to promote the maintenance or enhancement of her quality of life; and,

(g)    The right to receive adequate and appropriate health care and protective and support services consistent with her resident care plan, with established and recognized practice standards within the community, and with rules and regulations adopted by the Department of Health and Human Resources, including W.Va. Code §16-5C-1 *et seq.*, and 42 C.F.R. §483.

28.    Defendants' duties outlined in the above-referenced rules and regulations were non-delegable duties such that Defendants had and have direct liability for violations, deprivations, and infringements of Victoria Fields' nursing home resident's rights caused by any officers, managing agents, servants, employees, or outside caregivers acting in furtherance of Defendants' operations.

29.    Defendants were and are vicariously liable for the negligence of Defendants' officers, managing agents, servants, and employees acting within the course and scope of their employment by Defendants, which occurred during Victoria Fields' residency at Heartland.

30.    At all times material hereto, Heartland was a licensed professional nursing home and had a duty to provide care and services to Victoria Fields in accordance with regulations promulgated in the West Virginia Code of State Rules and the Code of Federal Regulations, and in a reasonably prudent and careful manner under common law, consistent with accepted practice standards in the area.

31.     Defendants further had a duty to properly train, supervise, hire, retain and dismiss any servants, employees and agents, or outside caregivers or contractors for services utilized by Defendants in furtherance of its operations as a nursing home facility, which occurred during Victoria Fields' residency.

32.     On November 14, 2012, Victoria Fields was admitted to Heartland for the purposes of receiving quality care and treatment and assistance in her activities of daily living.

33.     During her admission to Heartland, Victoria Fields suffered serious injuries from a pattern of poor care, neglect and abuse rendered by Heartland and their staff, which injuries included the delay in treatment resulting in death.  The negligence and abuse of Victoria Fields by Heartland caused the significant destruction of her physical and mental condition during her residency at the facility.

34.     During her residency at Heartland, Defendant failed to seek treatment for Victoria Fields for a change in condition, resulting in a delay in treatment of a non-therapeutic PT and INR levels resulting in multi-vessel arterial occlusions of the right lower extremity and myocardial infarction.

35.     The negligence and carelessness of the professionals and non-professionals Heartland contributed substantially in causing serious injuries to Victoria Fields, resulting in pain and suffering, and ultimately her death.

36.     Plaintiff has performed all conditions precedent to bringing this action against Defendants, including performing an investigation of the deprivations and/or infringements of Victoria Fields' right to adequate and appropriate health care, and the pre-suit investigation, screening and notice requirements, if any, required by W.Va. Code § 55-7B-6.

# COUNT I
## STATUTORY VIOLATIONS

37.     Plaintiff realleges and incorporates herein by reference paragraphs 1-36 above and further states as follows:

38.     This is a survival action pursuant to W.Va. Code § 55-7-8a and an action pursuant to W.Va. Code § 16-5C-15.

39.     Notwithstanding the duty of Defendants to provide Victoria Fields with her nursing home residents' rights mandated by statute during the relevant time period, Victoria Fields was deprived of her right to receive adequate and appropriate health care and protective and support services consistent with her care plan, with recognized practice standards and with rules as adopted by the Department of Health and Human Resources, by the acts and omissions of Defendants, their agents, servants, employees, or outside caregivers, including but not limited to the following:

(a)     Failing to keep Victoria Fields and her family members fully informed of her total health status and of her medical condition during her residency at Defendants' facility;

(b)     Failing to provide a sufficient number of staff to provide adequate and appropriate nursing care to all its residents, including Victoria Fields, and in accordance with their resident care plans. The understaffing of Defendants' nursing home facility was evidenced by Heartland's failure to provide Victoria Fields with adequate and appropriate care;

(c)     Failing to provide an environment free of abuse, neglect, mistreatment or restraint by physical or chemical means except as allowed by the rules;

(d)     Failing to provide health care services in compliance with state law and applicable Federal and State Rules and Regulations and with acceptable professional standards and principles applicable to the personnel providing those services at the nursing home facility;

(e)     Failing to care for Victoria Fields in a manner and in such an environment so as to promote the maintenance or enhancement of her quality of life;

(f)      Failing to seek treatment and intervention for a change in condition;

(g)     Failing to timely report changes in Victoria Fields' physical, mental, and psychosocial status to her physician and/or responsible family member; and,

(h)     Failing to provide adequate and appropriate care and treatment, nursing services, physician services, and other health care in an effort to enhance or maintain Victoria Fields' quality of life and medical condition.

40.     Defendants' acts and omissions during the relevant time period also violated Victoria Fields' right to be treated courteously, fairly and with the fullest measure of dignity.

41.     As a direct and proximate result of Defendants' acts and omissions during her residency at Heartland, Victoria Fields suffered from the delay in treatment and other problems at the nursing home facility resulting in physical injuries, mental anguish, physical pain and suffering and incurred medical treatment and expenses for such treatment and was deprived of adequate and appropriate treatment and healthcare or had such treatment and healthcare delayed and was denied her rights as a nursing home resident pursuant to W.Va. Code §16-5C-1 *et seq.* Therefore, Victoria Fields sustained lethal and non-lethal

infringements of her rights as a nursing home resident at the Defendants' nursing home facility. The actions and omissions alleged above arise to the level of reckless, wanton disregard and punitive damages are warranted.

WHEREFORE, Plaintiff, Victoria Fields, by and through her Personal Representative, Billie Fields, for and on behalf her survivors, demands judgment against Defendants, and seeks all damages allowable pursuant to West Virginia law, including, but not limited to Attorney's Fees, costs, and Punitive Damages as well as any other items that the Court sees fit to award and demands a trial by jury on all issues.

## COUNT II
## NEGLIGENCE

42. Plaintiffs reallege and incorporate by reference paragraphs 1-41 above and further states as follows:

43. This is an action for negligence pursuant to W.Va. Code § 55-7B-1 *et seq.*

44. Defendants had a duty to act with reasonable care in the provision of services to Victoria Fields during her admission to Heartland.

45. Defendants breached their duty to Victoria Fields as set forth hereinabove.

46. As a direct and proximate result of the negligence of the Defendants' employees, agents, and servants, committed during her residency at Heartland and in the course and scope of their agency and employment, Victoria Fields sustained injuries due to the delay in treatment.

47. As a direct and proximate result of the negligence of Defendants' employees and agents committed during the relevant time period in the course and scope of their agency and employment, during the course of her residency at Heartland, Victoria Fields sustained bodily injuries resulting in pain and suffering, mental anguish, inconvenience,

physical impairment, loss of capacity for the enjoyment of life, aggravation of existing diseases and physical defects, and incurred medical expenses. The actions and omissions alleged above arise to the level of reckless, wanton disregard and punitive damages are warranted.

WHEREFORE, Plaintiff, Victoria Fields, by and through her Personal Representative, Billie Fields, for and on behalf her survivors, demands judgment against Defendants, and seeks all damages allowable under West Virginia law, Attorney's Fees, and Punitive Damages as well as any other items and relief that the Court sees fit to award and demands a trial by jury on all issues.

COUNT III
ORDINARY NEGLIGENCE
AND RECKLESS MISCONDUCT

48.    Plaintiffs reallege and incorporate by reference paragraphs 1-47 above and further states as follows:

49.    In addition to the claims set forth above encompassing statutory and regulatory violations, Plaintiff alleges that Defendant committed common law negligence and was also reckless.

50.    Plaintiff further alleges such negligence is outside the scope of W.Va. Code § 55-7B-1 et seq. and includes, but is not limited to, such acts as:

(a)    Failure to properly staff the facility;

(b)    Failure to provide proper supervision of the decedent, Victoria Fields;

(c)    Failure to maintain the premises in a safe and secure manner; and,

(d)    Failure to provide basic needs, i.e. food, liquid, toileting, cleaning and assistance with activities of daily living.

51.    Defendants breached these duties as set forth herein above.

52. These breaches resulted in Victoria Fields' injury and death.

WHEREFORE, Plaintiff, Victoria Fields, by and through her Personal Representative, Billie Fields, for and on behalf of her survivors, demands judgment against Defendant, and seeks all damages allowable under the insurance coverage provided by and through the State of West Virginia, Attorney's Fees and costs, as well as any other relief that the Court sees fit to award and demands a trial by jury on all issues.

## COUNT IV
## WRONGFUL DEATH CLAIM

53. Plaintiff realleges and incorporates by reference paragraphs 1-52 above and further states as follows:

54. This is an action for wrongful death pursuant to W.Va. Code § 55-7-5 *et seq.*

55. Plaintiff was and is the surviving son of Victoria Fields, deceased.

56. Defendants and their employees had a duty to act with reasonable care in the provision of care and services to Victoria Fields during the course of its nursing home operations.

57. Defendants breached their duties to the decedent, Victoria Fields, by and through the acts and omissions of its agents, servants, and employees, both managerial and non-managerial, while acting in the course and scope of their employment, and/or while acting in the scope of their agency relationship, in one or more of the ways described hereinabove.

58. As a direct and proximate result of the negligence of Defendants' employees, servants and agents, committed in the course and scope of their agency and employment, the decedent, Victoria Fields, suffered from systemic abuse and neglect causing significant injuries, and ultimately led or contributed to her death on or about December 8, 2013.

59. As a direct and proximate result of the negligence of Defendants' employees, servants and agents, committed in the course and scope of their agency and employment, Victoria Fields died and Billie Fields has sustained mental pain and suffering and loss of companionship of his mother as a result of her death.

60. As a direct and proximate result of the negligence of Defendants and their employees, Plaintiff's survivor and/or estate have incurred medical expenses for the care and treatment of the conditions that led to her death and, additionally, the estate has incurred funeral expenses. The actions and omissions alleged above arise to the level of reckless, wanton disregard and punitive damages are warranted.

WHEREFORE, Plaintiff, Victoria Fields, by and through her Personal Representative, Billie Fields, for and on behalf her survivors, demands judgment against Defendants, and seeks all damages allowable under West Virginia law, Attorney's Fees, costs, and Punitive Damages as well as any other items that the Court sees fit to award and demands a trial by jury on all issues.

PLAINTIFF DEMANDS A TRIAL BY JURY.

By Counsel,

_____
Andrew L. Paternostro, Esquire (WV Bar No. 5541)
Sprague W. Hazard, Esquire (WV Bar No. 1651)
Jeff D. Stewart, Esquire (WV Bar No. 9137)
THE BELL LAW FIRM, PLLC
Post Office Box 1723
Charleston, West Virginia 25326-1723
(304) 345-1700 / (304) 345-1715 Facsimile
    *Counsel for Plaintiff*

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

2015 JAN -6 PM 2: 01

KANAWHA COUNTY CIRCUIT COURT

BILLIE FIELDS, as Personal Representative
of the Estate of VICTORIA FIELDS,

Plaintiff,

v.

Civil Action No.: 14-C-1664
Judge: Webster

HEALTH CARE AND RETIREMENT
CORPORATION OF AMERICA, LLC
d/b/a HEARTLAND OF CHARLESTON;
MANOR CARE, INC., f/k/a
HCR MANOR CARE, an Ohio Corporation;
HEALTH CARE AND RETIREMENT
CORPORATION OF AMERICA, an Ohio
Corporation; and DANNY DAVIS, Administrator,

Defendants.

## CERTIFICATE OF SERVICE

I, Jeff D. Stewart, do hereby certify that I have served the foregoing AMENDED PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS to the following defendants in conjunction with the Complaint.

> Health Care & Retirement
> Corporation of America, LLC
> d/b/a Heartland of Charleston
> CT Corporation System
> 5400 D Big Tyler Road
> Charleston, WV 25313
>
> Health Care & Retirement
> Corporation of America, LLC
> CT Corporation System
> 5400 D Big Tyler Road
> Charleston, WV 25313





Manor Care, Inc. f/k/a
Manorcare Health Services, Inc.
CT Corporation System
1300 E. 9th Street
Cleveland, OH 44114

Danny Davis
Heartland of Charleston
3819 Chesterfield Avenue
Charleston, West Virginia 25304

Andrew L. Paternostro, Esquire (WV Bar No. 5541)
Sprague W. Hazard, Esquire (WV Bar No. 1651)
Jeff D. Stewart, Esquire (WV Bar No. 9137)
THE BELL LAW FIRM, PLLC
Post Office Box 1723
Charleston, West Virginia 25326-1723
(304) 345-1700 / (304) 345-1715   Facsimile
*Counsel for Plaintiff*